WHITE *v.* ST. LOUIS SOUTHWESTERN RAILWAY COMPANY.

4-7467                                     183 S. W. 2d 781

Opinion delivered December 4, 1944.

*John B. Cheatham,* for appellant.

*Barrett & Wheatley,* for appellee.

GRIFFIN SMITH, Chief Justice. C. E. White, employed by the Railway Company, sustained a back injury in 1941. He claimed it was caused by negligence of a fellow servant, and sued to compensate. Appeal is from a directed verdict for the defendant.

White's employment required that he move crossties from a nearby stack to a position near the track. His assistant was Asher. They used metal tongs, sharpened lower extremities of which were embedded in the wood when pressure was exerted on either hinged arm. In describing the transaction of which he complained, White conceded that he did not know exactly what happened, but, from the result, Asher must have released his grip on the tongs, allowing the tie to fall. He had previously stated that Asher's foot slipped in free gravel, and "when it was over" Asher was getting up. The concluding abstracted part of his testimony is a presumption

that Asher "must have slipped some way or other; that is what I told my attorney and I am willing to stand on it."

Asher testified he did not know, until the following day, that White had been injured; nor had he been informed that negligence was claimed or that any act of his was pointed to. Conceding that he could have "slipped," Asher insisted that he did not fall. The tie, he said, was never lifted off the ground: —"I couldn't say what particular tie we were handling because White did not say anything about it when he got hurt. He finished a good day's work."

Although other acts thought to have been negligent were alleged, none was proved. Therefore the sole question is one of fact: was there substantial evidence to go to the jury? For answer we disregard Asher's statements and look entirely to White's version and to any properly presented support for his contention.

On the theory that avoidance of the impossible is not the standard of care, consequences of unavoidable occurrences which result in injury are not compensable. Unless some statute having constitutional sanction affords relief, accidents, strictly speaking, are not actionable. A non-offending person may not be compelled to pay for another's misfortune. The difficulty comes in determining what *is* an accident, and whether carelessness or indifference of the master was the proximate cause in those instances where some slight precaution or forethought might have controlled the event.

Because the premises where men are at work are ordinarily selected by the master, it is held, in effect, that the employer give consideration to this difference in opportunity, and as to those employes who are strangers to the premises, or whose information is not such as to give them an appreciation of risks equal to that of the master, reasonable inspection, and warnings, are required. On the other hand, where there is constant shifting of position and the task is such that each party to the employment has the same opportunity of examina-

tion, inspection, and the capacity to appraise the risk, no warning or unusual precaution upon the master's part is exacted.

Most so-called accidents—but not all—are traceable, in one aspect or another, to personal indifference or negligence.

But even so, before a plaintiff can recover there must have been some departure on the part of the master or his agents, or a fellow servant, from the established standard—usually that of an ordinarily prudent man. In the case at bar it is not shown that appellee was negligent. Complaint is that loose gravel was allowed to accumulate on the right-of-way over which the tie was taken; but the fact is that most tracks are ballasted with gravel or crushed stone. There is the inference that if Asher had been exercising due caution he would not have stumbled, and it is argued that the jury should have been permitted to determine whether, in different circumstances, the accident would not have occurred.

When White's testimony is analyzed he merely asserts that Asher "must have" made an unintentional misstep. He doesn't know how it happened, or even that it did occur. Conjecture and speculation supply the want of evidence.

Affirmed.